No. 99-428

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 134N

IN THE MATTER OF THE IVAN MUSTARD

TRUST AND THE IVAN F. MUSTARD

REVOCABLE TRUST, EILEEN NOLAND,

BRUCE MCCULLY, JEANETTE MUNDEL,

MAE GILL, ETHELYN G. FERGERSEN,

JOANN JOHNSON, SHARON MEE, PENNY

MCCULLY WESTERN, MARY KENTROS,

as Beneficiaries, and JOHN COPE, as Personal

Representative for the Doris Cope Estate,

Petitioners and Respondents, _____

IN THE MATTER OF THE IVAN F. MUSTARD

REVOCABLE TRUST AND THE IVAN MUSTARD

TRUST, ISABELLA MUSTARD AND LAURA

MALLERY-SAYRE (MAIDEN NAME: LAURA

MUSTARD) as Beneficiaries,

Petitioners and Respondents,

v.

CECELIA R. MUSTARD,

Respondent and Appellant.

_____

APPEAL FROM: District Court of the Tenth Judicial District,

In and for the County of Fergus,

The Honorable John R. Christensen, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Philip P. McGimpsey, Billings, Montana

For Respondents:

Vernon E. Woodward, Lance G. Lundvall, Hendrickson, Everson Noennig & Woodward, Billings, Montana; E. Wayne Phillips, Hubble, Ridgeway & Phillips, Stanford, Montana

_____

Submitted on Briefs: December 16, 1999

Decided: May 25, 2000

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court

¶2 Appellant Cecelia R. Mustard, (Cecelia) appeals from the March 26, and July 15, 1999 Findings of Fact, Conclusions of Law and Order of the Tenth Judicial District Court, Fergus County, adjudging the Last Will and Testament, and the Ivan F. Revocable Trust of Ivan F. Mustard (Ivan) properly executed and valid; determining the Ivan Mustard Trust to be a Constructive Trust; removing Cecelia as Personal Representative for breach of her fiduciary duties, ordering her to provide to the heirs and beneficiaries a complete accounting, to pay any penalties or interest owed; and awarding Petitioners their attorney's fees and costs. We affirm.

¶3 Appellant raises 11 issues on appeal which are more accurately restated by Respondents as follows:

1 Whether the District Court correctly found that Ivan Mustard properly executed and funded his revocable trust on December 17, 1980, and that it was properly incorporated into his will.

2 Whether the District Court correctly found that Ivan Mustard's business trust dated December 18, 1980, is a valid express trust.

3 Whether the District Court erred in concluding that Cecelia Mustard had breached her duties as Trustee under both trusts and as personal representative and should, therefore, be removed.

4 Whether the District Court erred in partially denying Appellant's motion for discovery prior to the hearing on the issue of attorney's fees.

5 Whether the District Court erred in allowing Respondents' expert witness to testify as to the reasonableness of the fees requested.

6 Whether the District Court correctly found that the Respondents are entitled to an award of attorney's fees and costs.

## STATEMENT OF FACTS

¶4 Ivan was born in 1909, one of seven children. He moved to Montana at a young age and lived in Central Montana until his death in 1995. When Ivan's first wife died, Ivan inherited a large ranch in Denton, Montana; property in Blaine County, Montana; and property in two counties in Oklahoma. Ivan and his first wife had no children and she had no children from her previous marriage. After her death in 1971, Ivan then married Cecelia who had three children from a previous marriage. Ivan was known as a good businessman who made all the decisions concerning his finances and property. Ivan had a strong bond with his siblings and the children of his siblings. Because he was upset by the high cost of probating his first wife's estate, Ivan sought to set up an estate plan for himself which would avoid estate taxes and provide for Cecelia, her children, and his blood relatives.

¶5 In 1980, Ivan met with James Calveri (Calveri) who had set up an estate plan for Ivan's friend and neighbor. Calveri and an insurance salesman named Bruce Cornell (Cornell) met with Ivan to discuss the best way to meet his estate planning needs. Cornell aided Ivan in establishing an insurance trust. Calveri then gathered personal information from Cecelia and Ivan and referred them to attorney Dirk Larsen (Larsen). Calveri worked out an estate plan and provided the information to Larsen, who prepared wills and revocable trusts for Ivan and Cecelia and a business trust to manage Ivan's farm. Larsen did not retain signed copies of the documents which he had prepared for his clients.

¶6 Larsen testified that it was his practice to always execute the will along with the trust documents and any ancillary documents such as deeds to fund the trust and was certain that he had followed this process with the Mustards. This procedure was confirmed by Larsen's secretary who testified that Larsen never notarized a deed which had not been signed in his presence, never intentionally misdated a will, and never intentionally misdated a deed.

¶7 Ivan executed his will and revocable trust with Larsen on December 17, 1980. The trust was funded by transfers of real estate during Ivan's life and by the residue of his estate pursuant to instructions in his will. On December 18, 1980, Ivan executed a business trust

funded by deeding his farm in Fergus County to the trust. The deed was executed and recorded, but at the time of trial, the signed originals of the trust agreements could not be located. Cecelia conceded that Ivan had signed and executed his will and the trust agreements, and testified that she believed and acted as if the trusts were valid and in place. However, after Ivan's death, Cecelia failed to probate the will or fulfill her obligations as trustee under the revocable trust and the business trust.

¶8 1 Whether the District Court correctly found that Ivan Mustard properly executed and funded his revocable trust on December 17, 1980, and that it was properly incorporated into his will.

¶9 The District Court found that Ivan's Last Will and Testament dated December 17, 1980, met the requirements of a self-proved will pursuant to § 72-2-524, MCA, and was executed in conformance with Montana statutes. The will leaves to Cecelia the parties' household furnishings, automobile, books, pictures, and other personal property, and incorporated by reference a Trust Agreement (Revocable Trust) executed by Ivan on December 17, 1980. The will required the rest, residue, and remainder of Ivan's property, both real and personal, to be distributed to Cecelia as Trustee under the Revocable Trust executed the same day as the will and divides one-half of Ivan's estate into five equal shares to be distributed to his siblings' families. The Revocable Trust was also referenced in several deeds wherein real property was transferred to the trust, but at trial a signed copy of the Revocable Trust could not be located.

¶10 The District Court found that based upon the testimony of Cecelia and Ivan's family members, the distribution plan of the Revocable Trust was carefully considered by Ivan, and represents his dispositive intentions. It also found the evidence clear, convincing and free from doubt that the Revocable Trust was executed by Ivan based upon all the witnesses' descriptions of him as an intelligent businessman who would not execute a will referencing a trust that did not exist and thereafter transfer substantial real property to a nonexistent trust. We agree.

¶11 To create an express trust four elements must be satisfied: 1) intent to create a trust; 2) the existence of trust property; 3) designation of beneficiaries; and 4) compliance with the statute of frauds. Sections 72-33-202, 203, 206, 208, MCA. The first three elements are clearly present as demonstrated in the above factual description. To satisfy the Statute of Frauds a trust must be evidenced by; 1) a written instrument signed by the trustee or by the trustee's agent, if authorized in writing to do so; 2) a written instrument signed by the

trustor, or by the trustor's agent if authorized in writing to do so; or 3) by operation of law. Section 72-33-208, MCA. Respondents argue that "loss or destruction of a memorandum does not deprive it of its effect as a satisfaction of the requirements of the Statute of Frauds and oral evidence of its contents is admissible unless excluded by some rule of the law of evidence." Rule 1004, M.R.Evid., provides that an original is not required, and other evidence of the contents of a writing is admissible if the original has been lost or destroyed. As the District Court found, the circumstances, testimony, and documentary evidence show that the trust of December 17, 1980, was executed, therefore satisfying the Statute of Frauds. The District Court correctly found that Ivan Mustard properly executed and funded his revocable trust on December 17, 1980, and that it was properly incorporated into his will.

¶12 2 Whether the District Court correctly found that Ivan Mustard's business trust dated December 18, 1980, is a valid express trust.

¶13 The District Court found that the second trust created by Ivan on December 18, 1980, (Business Trust) similarly satisfies the requirements of an express trust. Under Montana statutes in effect at the time, business trusts had certain filing requirements of which Larsen never advised Ivan. The court found that although the trust may fail as a Business Trust, it is valid as an express trust stating "[i]t is clear Ivan intended to create a trust to benefit family members and no particular form of words or conduct is necessary for the manifestation of intention to create a trust." The District Court properly concluded that the "Business Trust" is a valid express trust to hold property for the benefit of the unit holders in proportion to their ownership.

¶14 3 Whether the District Court erred in concluding that Cecelia Mustard had breached her duties as Trustee under both trusts and as personal representative and should, therefore, be removed.

¶15 The court found that Cecelia as Personal Representative and Trustee under Ivan's trusts has failed to offer Ivan's Will to probate or to keep the trusts' beneficiaries informed on trust matters, and failed to avoid a conflict of interest. Furthermore, the court found she "intended to invalidate the entire document package as a matter of law and equity allowing all of Ivan's property to inure to her benefit." As a result, the District Court concluded that Cecelia has violated her fiduciary duties to the damage of the beneficiaries and therefore must be removed as Personal Representative and Trustee. We agree.

¶16 Cecelia appears to argue that she was never, in fact, actually appointed as the Personal Representative or Trustee but rather was falsely ordained by the District Court as the "family villain." However, Cecelia had acted as Trustee for years. By exercising the powers of Trustee and performing duties under the trust instruments, she accepted the trust as Trustee. Section 72-33-601(1)(b), MCA. The District Court committed no error in removing Cecelia as Trustee.

¶17 4 Whether the District Court erred in partially denying Cecelia's motion for discovery prior to the hearing on the issue of attorney's fees.

¶18 5 Whether the District Court erred in allowing Respondents' expert witness to testify as to the reasonableness of the fees requested.

¶19 6 Whether the District Court correctly found that the Respondents are entitled to an award of attorney's fees and costs.

¶20 The District Court denied Cecelia's Motion to Alter or Amend the District Court's Order of March 16, 1999, and partially granted her motion to establish discovery by limiting discovery only to issues relevant to Respondents' attorney's fees claims. Cecelia claims the District Court's order "effectively deprived her of a full and fair evidentiary hearing by precluding proper cross-examination and the ability to retain her own expert rebuttal witness" but does not cite any facts which indicate this is the case.

¶21 The District Court permitted Respondents' expert witness to testify on the reasonableness of attorney's fees. Cecelia does not attack the witness's qualifications as an expert witness. Under cross-examination, Respondents' expert was asked a series of questions derived from the State Bar's rules on fee disputes. Cecelia simply contends Respondents' expert was not credible and therefore Respondents' fee request was unsupported and should have been denied.

¶22 The District Court was free to disregard the expert's testimony and fix attorney's fees at its own discretion. The District Court did not err in partially denying Cecelia's motion for discovery, or in allowing Respondents' expert to testify at the attorney's fee hearing. Based on Respondents' expert testimony, the District Court did not err in finding that the Respondents are entitled to an award of attorney's fees and costs, to be paid by Cecelia from her share of the Ivan F. Mustard estate.

¶23 Cecelia further argues that the District Court improperly granted Respondents' costs for expert witness fees in excess of that allowed by statute. We agree. In its Order of July 15, 1999, the District Court allowed Respondents a total of $2750.00 for expert witness fees. Section 26-2-501(1), MCA, limits witness fees to ten dollars per day plus mileage (as provided in § 2-18-503, MCA). An expert is a witness and receives the same compensation as a witness. Section 26-2-505, MCA.

¶24 Reversed on the issue of expert witness fees only and affirmed on all other issues.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ KARLA M. GRAY